IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.<br>) |
| v.<br>MWR ENTERPRISES INC. II d/b/a<br>PIGGLY WIGGLY,<br>Defendant. | ) C O M P L A I N T<br>)<br>)<br>) JURY TRIAL DEMAND<br>) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and gender, and to provide appropriate relief to Kaleb McClellan, a class of similarly situated African-Americans, and a class of males who were adversely affected by such practices.

As alleged with greater particularity below, Plaintiff, Equal Employment Opportunity Commission asserts that Defendant maintains a policy and practice of intentionally failing to hire African-Americans because of their race. In addition, the Commission alleges that Defendant maintains a policy and practice of intentionally failing to hire males because of their gender in cashier positions, and only hires females into those positions. By hiring only females as cashiers, Defendant maintains segregated job assignments.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and

(3) and 6 ("Title VII"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Middle District District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII , and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

4. At all relevant times, Defendant, MWR Enterprises Inc. II d/b/a Piggly Wiggly, (hereinafter "Piggly Wiggly"), a Tennessee corporation, has continuously been doing business in the State of Tennessee and the City of Hartsville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Kaleb McClellan filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 4, 2008, Defendant Piggly Wiggly has engaged in unlawful employment practices at its facilities, including the one located in Hartsville, Tennessee, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and Title I of the Civil Rights Act of 1991.

8. The unlawful employment practices include failing to hire and then place in available positions Kaleb McClellan and other African-Americans as a class because of their race.

(a) Defendant operates several supermarkets and grocers in middle Tennessee.

(b) The Hartsville location is a Piggly Wiggly full-line supermarket that sells groceries, produce and deli products.

(c) Defendant employed approximately 35 employees at its Hartsville location. Defendant has additional stores in Lafayette, TN and Gallatin, TN where it employs 34 and 28 individuals, respectively. In addition, Defendant has an interest in several other grocers located in Madison, TN and Franklin, KY.

(d) Kaleb McClellan, an African-American male, submitted an application for employment with Defendant on August 4, 2008.

(e) McClellan stated in his application that he was seeking a job as a "sacker, stocker or any position that is available."

(f) The Store Manager and hiring official told him to frequently check-in and follow-up on the status of his application.

(g) Kaleb McClellan was never considered for or offered any employment.

(h) On July 7, 2009, McClellan filed a charge of discrimination against Piggly Wiggly after he was denied employment. Specifically, McClellan alleged that Defendant failed to hire him because of his race.

(i) Further, other African-Americans submitted applications at the Hartsville, TN location and were not hired.

(j) After McClellan submitted an application, Defendant hired several white males.

(k) Defendant's policy was to keep applications open for at least six months or up to

3

one year, so McClellan's application was still viable when the decision was made to hire white males instead.

9. Since at least August 4, 2008, Defendant, Piggly Wiggly, has engaged in unlawful employment practices at its facility located in Hartsville, Tennessee, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(2), and Title I of the Civil Rights Act of 1991.

10. The unlawful employment practices include limiting, segregating and classifying Kaleb McClellan and a class of male applicants for employment and employees because of their gender. By not hiring males as cashiers, Defendant creates and maintains segregated job assignments and classifications.

(a) Kaleb McClellan, an African-American male, submitted an application for employment with Defendant on August 4, 2008.

(b) McClellan stated in his application that he was seeking a job as a "sacker, stocker or any position that is available."

(c) The Store Manager and hiring official told him to frequently check-in and follow-up on the status of his application.

(d) Jackie Halliburton, store manager, was the primary decision-maker for all hiring decisions.

(e) Defendant hired at least eight cashiers in the ensuing year after McClellan submitted his application.

(f) All persons hired for the cashier positions were female.

(g) Defendant admitted during the course of the Commission's investigation that McClellan, and other males, were not considered for any of these vacancies.

(h) Defendant also admits that it has a policy and practice of not employing males as

4

cashiers.

(i) Defendant stated during the Commissions investigation that this policy was enacted because "males did not have the right personality" to be cashiers and "the people of Trousdale County, Hartsville are very particular about their cashiers."

(j) The Commission's investigation identified 44 male applicants who were not considered for the cashier position because of their sex.

(k) Seven of those applicants had prior cashier experience and/or grocer experience, while five of the eight females hired as cashiers during the relevant period had no such experience.

11. The effect of the practices complained of in Paragraph 10a-k above has been to deprive Kaleb McClellan and other males of equal employment opportunities and otherwise adversely affect their status as an applicant because of gender.

12. The unlawful employment practices complained of in paragraphs 8, 9, and 10, including all subparts thereto, above, were and are intentional.

13. The unlawful employment practices complained of in paragraphs 8, 9, and 10, including all subparts thereto, above, were and are done with malice or with reckless indifference to the federally protected rights of Kaleb McClellan, a class of African-Americans, and a class of male applicants and employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant MWR Enterprises Inc. II, d/b/a Piggly Wiggly, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in acts of racial and gender discrimination in

their hiring practices or in other terms and conditions of employment, and from maintaining segregated job assignments based upon gender.

B.     Order Defendant Piggly Wiggly to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans and males and eradicate the effects of its past and present unlawful employment practices

C.     Order Defendant Piggly Wiggly to make whole Kaleb McClellan, the class of African-Americans, and the class of males who were affected by its discriminatory employment practices, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful-place hiring, promotion, reinstatement, and front pay for Kaleb McClellan, the class of African-Americans, and the class of males.

E.     Order Defendant Piggly Wiggly to make whole Kaleb McClellan, the class of similarly situated African-Americans, and the class of males, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8, 9, and 10, including all subparts above, including but not limited to expenses for uniform or gear purchases, relocation, job search, medical expenses not covered by employee benefit plans as well as other out-of pocket expenses, in amounts to be determined at trial.

F.     Order Defendant Piggly Wiggly to make whole Kaleb McClellan and a class of similarly situated African-Americans and a class of males, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8, 9, and 10, including all subparts thereto, above, including, but not limited to, emotional distress, pain and suffering, and embarrassment and humiliation, in amounts to be determined at trial.

6

Case 3:10-cv-00901    Document 1    Filed 09/28/10    Page 6 of 8 PageID #: 6

G.  Order Defendant Piggly Wiggly to pay Kaleb McClellan and a similarly situated class of African-Americans, and the class of male employees and applicants, punitive damages for its malicious and reckless conduct described in paragraphs 8, 9, and 10, including all subparts, above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730

CELIA LINER
Acting Supervisory Trial Attorney
AR Bar No. 90183

7

_____
JOSEPH M. CROUT
Trial Attorney
TN Bar No. 012957
Joseph.Crout@eeoc.gov

_____
KENNETH P. ANDERSON
Trial Attorney
DC Bar No. 469576
Kenneth.Anderson@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0137