# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | **Civil Action** |
| vs. | ) ) | **No: 3:10-cv-0901** |
| | ) | **Judge Nixon** |
| MWR ENTERPRISES, INC. II, d/b/a PIGGLY WIGGLY | ) ) | **Magistrate Griffin** |
| | ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (Commission) and Defendant MWR Enterprises Inc., II d/b/a Piggly Wiggly (Defendant) enter into this Consent Decree (Decree) to resolve this case. The Commission instituted this action on behalf of Kaleb McClellan, a class of similarly situated African-Americans, and a class of males alleging that Defendant maintains a policy and practice of intentionally failing to hire African-Americans because of their race, as well as a policy and practice of failing to hire males into cashier positions because of their gender.

The Commission contends that Defendant's policies and practices violate Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 on the basis of race and gender. Defendant denies the Commission's allegations.

This Consent Decree does not constitute a finding on the merits of the case and does not constitute an admission by Defendant of the allegations in the Commission's

Complaint. This Consent Decree constitutes the complete and exclusive agreement among the parties with respect to the matters referred to herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and signed by both parties. The parties have made no representations or inducements to compromise this action, other than those recited or referenced in this Consent Decree.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations and the statements and representations of counsel for all parties, and hereby approves the Consent Decree.

Therefore, it is hereby **ORDERED, ADJUDGED AND DECREED**:

## I.    JURISDICTION

1.    The United States District Court for the Middle District District of Tennessee, Nashville Division has jurisdiction over the parties and subject matter of this litigation.

## II.    SCOPE AND DURATION OF DECREE

2.    This Consent Decree resolves all issues raised in or related to Charge No. 490-2009-02055 filed by Kaleb McClellan which created the procedural foundation for the Commission's Complaint in this case.

3.    After the Court enters this Consent Decree, the Decree's terms and provisions are effective immediately and binding on the parties for four years from the date of entry, which shall be considered the Effective Date of this Decree. The relief

outlined below in this Decree is limited geographically in scope to Defendant's Piggly Wiggly stores located in Hartsville and Lafayette, TN.

## III.  INJUNCTIVE RELIEF

4.  Defendant is enjoined from engaging in racial and gender discrimination in its hiring practices, from maintaining segregated job assignments based on gender or otherwise discriminating against applicants and employees in violation of Title VII of the Civil Rights Act, as amended.

5.  Defendant is enjoined from retaliating against any applicant or employee for participating in any proceeding related to this case or for otherwise opposing discriminatory practices made unlawful under Title VII of the Civil Rights Act, as amended.

## IV.  MODIFICATION OF POLICIES AND PRACTICES

6.  Defendant will maintain copies of all applications submitted for employment for at least one year from date of submission.

7.  Defendant will establish a written policy for inclusion in the employee handbook which provides that all job assignments are made without consideration of gender.

8.  Within 30 days of entry of this Decree by the Court, Defendant will establish clear guidelines for receiving applications and responding to inquiries regarding an applicant's pending application.  The guidelines shall include:

    a)    Identify employees by position authorized to provide or

        receive employment applications from applicants;

b)    Designate employees by position or title authorized to discuss applications and their status; and,

c)    Develop a log procedure for documenting follow-up inquiries regarding pending applications made within the first 30 days of the application's submission.

9.    Within 45 days of entry of this Decree by the Court, Defendants agree to provide a copy of its new application guidelines to the Commission by e-mailing a copy to Trial Attorney Kenneth Anderson at Kenneth.Anderson@eeoc.gov.

## V.   TRAINING

10.    Defendant will provide training on Title VII race and gender discrimination to the President of MWR Enterprises II, Store Managers and Assistant Managers for the Lafayette and Hartsville, TN locations. The training will include the following terms:

a)    The training session will consist of at least three hours;

b)    An attorney with at lest five years of labor and employment law experience will conduct the training and develop the training materials;

c)    The topics covered at the training session will include the following:

i. An overview of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991;

ii. An in-depth discussion of why it is unlawful to use race as a consideration or factor with respect to hiring and termination, compensation, terms, conditions, or privileges of employment;

4

iii. An in-depth discussion of why it is unlawful to use gender as a consideration or factor with respect to hiring and termination, compensation, terms, conditions, or privileges of employment; and,

iv. A discussion of Defendant's anti-discrimination policies and procedures, including procedures and responsibilities for documenting, reporting, investigating and remedying conduct that violates Defendant policies,

11.     Within 45 days after execution of this Consent Decree by the parties, Defendant shall submit to the Commission the date of the proposed training session and a copy of the proposed training agenda.

12.     Defendant will conduct the training session within 90 days after the date of the entry of this Consent Decree by the Court.

13.     All training session attendees will date and sign an attendance sheet, which will include the name and position of each attendee.

14.     Defendant will provide one hour of Title VII training to any new Store Managers hired during the term of this decree within 30 days of their hire or promotion.

## VI.     INDIVIDUAL RELIEF

15.     In full settlement of this case, Defendant shall pay a total of $40,000 to Kaleb McClellan and claimant class members.  Kaleb McClellan shall receive $25,000 in damages from the above-referenced settlement total, with $7,269.94 designated as back pay and $17,730.06 designated as compensatory damages. The Commission will provide instructions on how and to whom to distribute the remaining $15,000 in compensatory damages to claimant class members.

16.        Lawful employment payroll deductions for social security and withholding taxes shall be deducted from the back pay amounts, and the deductions shall be itemized.    Defendant's share of payments for FUTA and FICA shall be paid by Defendant and shall not be deducted from the settlement payments.    Defendant will issue a 1099 form to the Charging Party and Claimant Class Members for the amounts designated as compensatory damages.

17.        Within twenty-one business days of entry of this Decree by the Court, Defendant shall mail a certified check, via certified mail, to Kaleb McClellan for his portion of the settlement damages outlined in Paragraph 15.  Within sixty business days after entry of this Decree by the Court, the Defendant shall mail certified checks for damages to claimant Class Members at addresses to be provided by the Commission. Copies of all checks and related correspondence required by this paragraph will be e-mailed to Kenneth Anderson, Trial Attorney, at Kenneth.Anderson@eeoc.gov.

### VII.    RECORD KEEPING AND REPORTING PROVISIONS

18.        Defendant shall maintain records of any complaints made of racial or gender discrimination related to hiring and job assignment.  These records shall include the name, address and telephone numbers of any employee or applicant making such a complaint.  These records shall also include the date of the report or complaint, what was alleged, the names of any witnesses and what actions, if any, Defendant took to investigate or resolve the complaint.

19.        Defendant shall submit four reports to the Commission.  Defendant shall submit the first within 12 months of the entry of this Decree, the second within 24 months of entry, the third within 36 months of entry and the last within 47 months of

entry. The reports will contain a summary of the information recorded by Defendant pursuant to Paragraph 18. If Defendant receives no complaints pursuant to Paragraph 18 during a reporting required period, Defendant shall report to the Commission that no complaints were received during the reporting period.

## VIII. NOTICE

20.     Defendant shall continue to conspicuously post Title VII required notice posters. In addition, Defendant shall post in locations conspicuous and accessible to all applicants and employees, the Notice attached to this Decree as Exhibit A, for a period of four years, commencing within ten business days after entry of this Decree by the Court. The Notice shall be in the same typeface and size as the exhibit and shall be reproduced on company letterhead.

## IX. NOTIFICATION OF SUCCESSORS

21.     Defendant will provide prior written notice to any potential purchaser of Defendant's business, or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, of the Commission's lawsuit, the allegations raised in the Commission's complaint, and the existence and contents of this Decree.

## X. ENFORCEMENT

22.     If Defendant fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under the Decree. The Commission will provide ten days notice to Defendant of any deficiency in complying with the terms of the Decree. If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of the Decree the Commission will then have the option of petitioning the Court for relief.

## XI.    COSTS

23.    Each of the parties shall bear its own costs and attorney fees.


FOR DEFENDANT

s/ Rowan Leathers III
H. ROWAN LEATHERS III

MILLER & MARTIN, PLLC
150 Fourth Ave. North, Suite 1200
Nashville, TN 37219
TN Bar No. 10023
(615) 744-8567 (phone)
rleathers@millermartin.com

FOR PLAINTIFF

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Faye A. Williams (with permission KPA)
FAYE A. WILLIAMS
Regional Attorney

s/ Joseph M. Crout  (with permission KPA)
JOSEPH M. CROUT
Trial Attorney
TN Bar No. 012957
Joseph.crout@eeoc.gov

s/ Kenneth P. Anderson
KENNETH P. ANDERSON
Trial Attorney
DC Bar No. 469576
Kenneth.Anderson@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN  38104
(901) 544-0137


IT IS SO ORDERED THIS _22nd_ DAY OF _February_ 2012.

_____
**JOHN T. NIXON**
U.S. DISTRICT COURT JUDGE

8